| iPRICE, Judge Pro Tern.
This is an appeal from the granting of a Writ of Mandamus sought by the City of Monroe against the judges and clerk of the Monroe City Court ordering them to pay into the general fund of the city all sums collected from litigants as a deposit for advanced costs on a monthly basis and particularly a substantial sum which had accrued in the court over a three-year period beginning in 1991. Appellants are Judges Larry Jefferson and E. Roland Charles, and the Clerk of Court Pat Blunt-Brooks. Senior Judge Larry Lol-ley indicated his acquiescence in the judgment by letter and did not join in the appeal. For the following reasons we amend in part and affirm as amended.

FACTS

At the heart of the controversy is the meaning of certain language in Louisiana Revised Statute 13:1875(10)(b) which provides:
Civil fees shall be assessed litigants in civil matters for the services of the judge in accordance with the civil fee bill of clerks *96 of district courts, and all of such civil fees shall be deposited monthly by the clerk of the City Court of Monroe in the general fund of the city of Monroe.
The dispute is over the meaning of the term “civil fees.” Monroe asserts that this term constitutes the entire amount of the money collected each month from civil litigants. The defendants contend that requiring all the money to be remitted monthly fails to distinguish between earned fees and the unused balances of advanced deposits for costs.
When Judges Jefferson and Diehlman C. Barnhardt (who Judge Charles succeeded) came on the city court bench in 1991, they discovered that prior administrations had, for many years, failed to institute a proper system to account for the fees paid to the court by litigants filing civil cases. Prior city court administrations had paid out certain standard costs, such as filing fees, service of process, etc., and then delivered the remainder of the amount collected to the ^general fund of the City of Monroe. It is acknowledged that this method of accounting made-no distinction between earned civil fees and the balance in advanced deposits from litigants.
Judges Jefferson and Barnhardt immediately set to work to rectify this problem. In 1991 they ceased payment to the city until they could implement a proper accounting system. Their work culminated in the 1994 implementation of a computer system that accurately distinguishes between the amount the litigant deposits and the amount subsequently earned by the court. However, a question remains regarding a backlog of cases and the amount accrued therefrom for which no accurate accounting existed.
In order to isolate the accrued amount, the clerk has opened two accounts. Judicial Fund Number 1 contains funds from the backlogged cases. At time of trial this account contained approximately $326,000. In order to determine what part of the funds in Judicial Fund Number 1 are earned fees, the city court has hired a temporary deputy clerk, who is paid by Monroe, to analyze each case. Testimony at trial indicated that, as the deputy clerk determines what part of the fees are earned, that amount is being transferred to the city. The evidence further shows that the records in the cases being analyzed are so incomplete that what was originally estimated to be a six month operation is now estimated to take at least six years to complete. The other account opened by the court is designated Judicial Fund Number 2 and is the “clean” account for which accurate accounting exists. As of trial, this account contained approximately $23,000.
At trial, Monroe claimed that the clerk was required by LSA-R.S. 13:1875(10)(b) to deposit all amounts assessed civil litigants into the general fund on a monthly basis whether earned or not. Particularly, the city petitioned for |3mandamus to require the defendants to turn over the entire accrued amount in Judicial Fund Number 1. The defendants contended at trial, and argue here, that the statute requires the monthly payment of only the earned fees. To support this position, they cite statutes applicable to the district court that place the responsibility for the refunding of unearned civil fees on the clerk of the district court. They contend that to read LSA-R.S. 13:1875(10)(b) as Monroe suggests would require the court to pay over money it had not earned, remaining liable to the litigants for the unearned amount.
Though the trial judge conceded that to read the statute to require the city court to deliver all monies collected from litigants on a monthly basis to the general fund regardless of whether they had been earned or not would result in poor management, he stated he could not read more into the statute than was there. He concluded that if the legislature had meant earned civil fees, it could have said so in the statute. Therefore, he directed the defendants to remit the accrued amount immediately to Monroe, and to remit all other funds collected pursuant to the statute whether earned or not on a monthly basis. It is from this ruling, as well as the ruling on certain exceptions filed before trial, that the defendants, excepting Judge Lolley, have appealed.

EXCEPTION OF NO CAUSE OF ACTION AS TO JUDGES

Named as defendants in the petition for mandamus are Judges Jefferson, Charles, *97 and Lolley, as well as Clerk of Court Pat Blunt-Brooks. The defendants argue that mandamus will only issue where there is a ministerial duty placed upon the defendant. Terral Barge Line, Inc. v. Madison Parish Port Commission, 577 So.2d 787 (La.App. 2d Cir.1991). Since the duty in LSA-R.S. 13:1875(10)(b) requires the clerk of court to transfer the fees to Monroe, the defendants argue that|4the petition fails to state a cause of action as to the individual judges.
While it is true that the statute delegates the duty of turning over the fees to the clerk of court, the evidence presented at trial was that the clerk has no real power to transfer money. The clerk of the city court is a mere employee of the judges serving at their pleasure. LSA-R.S. 13:1884. In support of this proposition, Monroe points out that two clerks have been fired by the judges since 1991. Furthermore, there was evidence presented at trial that under the rules of the city court, adopted by the judges, the clerk of court could not sign checks. Monroe shows that if it had failed to include the judges as defendants in the petition, the clerk could have argued it had failed to join indispensable parties.
Since actual and final authority to remit the amounts collected to Monroe’s general fund belongs to the judges, it was necessary to include them as parties to the mandamus proceeding. Therefore, we find no error in the court’s overruling of this exception.

RULING ON SUFFICIENCY OF PROOF AND THE REMAINING EXCEPTIONS

A. Interpretation of Statute

The defendants argued at trial, and contend here, that Monroe has failed to prove a cause of action against any defendant for which mandamus is an appropriate remedy. This brings us to the interpretation of the term “civil fees” as used by LSA-R.S. 13:1875(10)(b) and the appropriate disposition of the accrued amount as well as future amounts collected.
As stated above, Monroe reads LSA-R.S. 13:1875(10)(b) to require, at the close of each month, the city court to transfer all sums collected from the litigants to the city’s general fund. The defendants consider the amount collected from litigants to be an advanced deposit for costs. They read the statute to require only that 15portion of the deposit that has been earned by the court to be paid to the city. They contend that until earned the clerk owes a fiduciary duty to litigants who, upon their suit becoming inactive, would be able to acquire a refund of the unused deposit.
LSA-R.S. 13:1875(10)(b) provides that litigants shall be assessed amounts in accordance with the civil fee bill of the district courts. The district courts’ civil fee bill, found at LSA-R.S. 13:841, is a cost list of over seventy specific functions performed by the courts. To allow the district court to function in a more efficient way and avoid the need to charge litigants separately for every cost incurred, the statutory scheme, found at LSA-R.S. 13:842-843.1, allows the clerk of court to charge litigants an advanced deposit for the estimated costs of trial. The amount of this advanced deposit is debited when the district court performs one of the functions in the civil fee bill. Should the amount of the litigants’ credit from the deposit ever drop below zero, the clerk can refuse to perform any further function until the litigant pays further costs. Should the suit become inactive, the clerk must refund any unused portion of the deposit to the litigant. Meyers v. Basso, 398 So.2d 1026 (La.1981).
While the language in LSA-R.S. 13:1875(10)(b) does not place the city court within the district court scheme other than as a guide for cost assessment, we can use these statutes to infer the legislative intent. We find the trial court to have fallen into error in confusing the statutory term “civil fees” with an advance for costs or a deposit for costs. No part or portion of a deposit for costs becomes a “fee,” as the term is used in the statute, until it has been earned under the district courts’ fee schedule.
Interpretation of the statute in the way Monroe suggests would lead to absurd results. Under its interpretation, a litigant requesting a refund of the unearned [ (¡deposit would have to either go to the city to collect *98 or be paid by the city court out of other accounts. After considerable time and expense, the court has now implemented a system whereby the litigant’s individual account is credited with the initial amount of their deposit and debited as they incur costs. At the end of each month the amount of the deposit that has been earned by the city court in accordance with the civil fee bill as dictated by LSA-R.S. 13:1875(10)(b) is remitted to the general fund of the city. If a litigant is owed a refund, then he is refunded the amount from his account at the city court level. This method of collecting fees is logical and undoubtedly what the legislature intended and should be continued in the future. Therefore, the Writ of Mandamus as it relates to the current accounting practices and as it requires transfer of the entirety of advanced costs deposits on a monthly basis should be modified.

B. Accrued Amount

With respect to the accrued amount in Judicial Fund Number 1, the defendants contend that, because it is necessary to do an accurate accounting on this amount, mandamus cannot issue. The defendants argue that mandamus is only available to a duty that “ought to and can be performed.” Felix v. St. Paul Fire and Marine Insurance Company, 477 So.2d 676 (La.1985). It would be impossible, they argue, to calculate what part of the accrued amount is earned without considerable delay.
LSA-R.S. 13:1875(10)(b) envisions a scheme whereby earned fees are calculated by the court and turned over to the City of Monroe on a monthly basis. The city, in turn, pays the operating expenses of the court including the judges’ salary. Implicit in this statutory scheme is a duty upon the court to maintain accurate accounting records in order to facilitate the monthly transfer of earned fees. |7Pue to the improper practices of past administrations and the current administration’s delay in the implementation of an adequate system, the court has failed to carry out its duty under the statute. Therefore, since defendants are at this time unable to show what portion of Judicial Fund Number 1 remains advanced deposits for costs, in keeping with the purpose of LSA-R.S. 13:1875(10)(b) (providing funding for court operations), the issuance of the Writ of Mandamus ordering immediate transfer of the funds in this account to the city was not in error. While the operating expenses of the court have continued to be paid by Monroe, the city court has failed to transfer fees since 1991. However, if at any time in the future the city court has inadequate funds to honor requests for refunds of unused deposits to the litigants in the cases contributing to this account, the city should provide the necessary funds for this purpose. We therefore find there was sufficient proof by Monroe to support the issuance of the Writ of Mandamus to require the defendants to transfer the accrued sum in Judicial Fund Number 1 to the general fund of the city. For the same reasons, we also find no error in the overruling of the exception of improper use of summary process.
Defendants contend the litigants whose unearned deposits would be transferred to the city are necessary or indispensable parties and should have been joined. However, this decision in no way negatively affects the rights of the litigants potentially owed a refund of deposits. Their rights continue to exist against the court. The district court was, therefore, not in error in rejecting these exceptions.

CONCLUSION

For the reasons stated herein the judgment of the trial court which orders the judges and clerk of court of the Monroe City Court to immediately transfer the funds in Judicial Fund Number 1 to the general fund of the City of Monroe is affirmed; the | ¿judgment ordering monthly compliance by defendants with the provisions of LSA-R.S. 13:1875(10)(b) is amended to clarify and specify that the term “civil fees” as used in the statute are fees that have been earned in accordance with the fee schedule provided for in LSA-R.S. 13:841.
All costs, including costs of this appeal are assessed equally to appellants and appellee.
AMENDED AND AFFIRMED.