720 So.2d 1278 (1998)
Leonzelle BROWN
v.
AMERICAN NATIONAL PROPERTY & CASUALTY CO.
No. 98-C-2292.
Court of Appeal of Louisiana, Fourth Circuit.
October 28, 1998.
William M. Stephens, Lobman, Carnahan, Batt & Angelle, New Orleans, for defendantsrelators.
Richard J. Gallot, Jr., Ruston, for plaintiffrespondent.
Before SCHOTT, C.J., and JONES and WALTZER, JJ.
SCHOTT, Chief Judge.
On the application of defendants Juan Longoria and American National Property & Casualty Company, his automobile liability insurer, we grant certiorari to consider whether the trial judge erred in overruling the defendants' exception of prescription. The issue is whether prescription was interrupted on a cause of action against the defendants where the plaintiff, Leonzelle Brown, failed to comply with the provisions of La.R.S. 13:850 in filing her civil petition for damages via facsimile transmission.
Plaintiff claims she timely filed suit against the defendants for injuries she allegedly sustained in a vehicular accident which occurred on July 7, 1996. On July 7, 1997, plaintiff's counsel, whose office is located in Ruston, Louisiana, faxed a petition to the Office of the Clerk of Court for Orleans Parish Civil District Court. On that same date, plaintiff's counsel mailed a copy of the petition to the clerk of court, along with a check in the amount of $202.50. The original petition is stamped as filed on July 10, 1997. Also on July 7, 1997, the clerk's office sent plaintiff's counsel a standard "Facsimile Transmission Confirmation" which informed the recipient of the requirements of the fax-filing rule, La.R.S. 13:850. The notice stated that for the fax to have "full force and effect," the original signed document had to be received by the clerk's office within five days, along with the original filing fee, a $5.00 fax transmission fee, and an additional $2.50 per page for transmissions in excess of two pages. *1279 Handwritten in the top right hand corner of the fax confirmation was an itemized accounting, which showed a total fee due of $215.50. This fax confirmation document was stamped as received by plaintiff's counsel's office on July 11,1997.
Defendant filed an exception of prescription, arguing that the fax filing was of no effect because plaintiff failed to send the full amount due within five days after the fax filing. The trial court overruled the exception. Defendants applied for supervisory writs seeking review of the trial's ruling, but we declined to exercise our supervisory jurisdiction because defendants failed to comply with Rule 4-5 of the Uniform Rules of Louisiana Courts of Appeal. Defendants later filed a motion in the trial court re-urging their exception of prescription, which the trial court again overruled.
The applicable prescription statute is La.C.C. art. 3492, which provides for a one-year liberative prescriptive period for delictual actions. Prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. Doskey v. Hebert, 93-1564 (La.App. 4 Cir 9/29/94), 645 So.2d 674, 679. Ordinarily, the party pleading the exception bears the burden of proof. Nicklaus v. Bellina, 96-2411 (La.App. 4 Cir. 5/21/97), 696 So.2d 120, 122, writ denied, 97-2118 (La.11/14/97), 703 So.2d 631. However, where the face of the petition shows prescription has run, the burden of proof shifts to the plaintiff to show prescription has not run. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
A verified copy of plaintiff's petition shows that it was filed on July 10, 1997, three days after prescription had run on the cause of action arising out the July 7, 1996 automobile accident. Therefore the burden shifted to plaintiff to establish that prescription had not run.
Facsimile transmission of pleadings in civil actions is governed by La.R.S. 13:850, which provides in part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
In the present case, the accident occurred on July 7, 1996. Plaintiff's counsel faxed a copy of the original petition to the clerk's office on July 7, 1997, and the clerk's office faxed to plaintiff's counsel the fax transmission confirmation that very same day. The fifth day after July 7 was Saturday, July 12. Therefore, pursuant to La.R.S. 13:850(B), the signed original petition, the applicable filing fees, and the $5.00 transmission fee were due in the clerk's office no later than Monday, July 14. The total amount due was $215.50, including the $203.00 filing fee and the $5.00 transmission fee and an additional $7.50 for the three pages ($2.50 per page) in excess of two pages. The cover letter mailed by plaintiff's counsel with the original signed petition and check states that the fees counsel enclosed amounted to only $202.50. This amount was insufficient to cover the $203.00 filing fee and the $5.00 transmission fee.
Because the plaintiff failed to remit within the five-day period or in this case by July 14, 1997, the amounts required by the express and mandatory language of La.R.S. 13:850(C), the facsimile filing on July 7, 1997 was without "force or effect" and could not interrupt prescription on plaintiff's claim against the defendants. Plaintiff failed to meet her burden of proving that her suit was *1280 timely filed; the suit is considered as having been filed on July 10, 1997, the date stamped on the original petition.
In this court, plaintiff argues that any deficiency existing at the time she filed her original petition was cured in December 1997 by an overpayment to the Clerk of Court when she filed a motion to continue by facsimile transmission and remitted $25.00 rather than $10.00, the actual amount due. She also contends that her petition should not be dismissed because she remitted $10.00 to the Clerk of Court on June 15, 1998, after receiving notice from the clerk's office on June 10, 1998 that the fax filing fee was owed and if not paid within five days, the clerk had the authority to dismiss the suit. We find that plaintiff's overpayment and the clerk's accepting a filing fee at such a late date are of no consequence. The fact remains that plaintiff failed to timely satisfy the clear and reasonable requirements of La.R.S. 13:850. In view of this, we find the trial court erred in overruling the defendants' exception of prescription.
Accordingly, the judgment of the trial court is reversed. The defendants' exception of prescription is sustained and plaintiff's suit is dismissed.
REVERSED AND RENDERED.