(t CARAWAY, J.
In this tort action arising out of a prison riot, an injured deputy sheriff appeals an adverse judgment dismissing his claim of negligence against the sheriff. Finding that the untimely filed delictual action against the sheriff prescribed, we affirm the trial court’s ruling.

Facts and Procedural History

On May 17, 1992, the plaintiff, Darren Wayne Hill, was injured in a prison riot while he was on duty as a Caddo Parish deputy. Exactly one year later on May 17, 1993, Hill attempted to file a petition signed by him in proper person in Caddo Parish district court. However, the petition, which named Sheriff Donald Hathaway as defendant, was not filed because the proper costs could not be paid. From the courthouse, Hill called the attorney who helped prepare the petition and was told to fill out an in forma pauperis form. Hill picked up the form from the clerk of court, but since it had to be verified by someone with knowledge of his finances, Hill took it home. Hill did not return to file the petition until May 24,1993.
In the petition, Hill contends that he was injured in the riot as a result of the defendant’s negligence. He also asked the court to determine the proper amount owed to him by the Sheriffs Pension and Relief Fund (“SP & R Fund”) and for damages. Hill’s petition was met with a Peremptory Exception of Prescription filed by Sheriff Hathaway on June 15, 1993.
An initial hearing on the exception was held on July 19, 1993 at which time Hill, unrepresented, filed into evidence a January 1993 pay stub showing payment of Hill’s salary by the Sheriffs department until that time. Following the hearing, in an attachment to a supplemental memorandum, Sheriff Hathaway filed certain correspondence and information concerning Hill’s contributions and benefits 1 {.regarding the SP & R Fund. Neverthe *169 less, following these 1993 proceedings, due to the suit record having been misplaced, no ruling was issued on the exception of prescription.
Three years later on August 5, 1996, Hill, represented by counsel, filed a Memorandum in Opposition to Exception of Prescription. In this opposition to the pending exception, Hill urged that the exception should be denied for the following three reasons:
1. Plaintiff received his salary continuously after May 17, 1992 until January 14, 1993 lulling him into a false sense of security;
2. Plaintiff actually filed his suit on May 17, 1993 by delivering his suit to the clerk; and
3. Plaintiff had sent letters to the Sheriffs fund effectively notifying the Sheriff of a claim.
In conjunction with this renewed opposition in 1996, an order for an August 1996 hearing was granted at Hill’s request. However, upon realizing that this matter had been heard three years prior by another section of the district court, the case was transferred back to the original section. After this delay, the hearing was set by the court for April 28, 1997, but at the hearing, counsel for Hill was not present. The district court then ruled on the four-year-old peremptory exception holding that any claim which Hill may have against Sheriff Hathaway sounded in tort and had prescribed as it was filed one year and one week after the alleged accident. The suit was dismissed with prejudice.
Although the motion for the order was made at his request, counsel for Hill claims that he was never notified of the setting for the final hearing. Therefore, on June 6, 1997, he filed a Motion for a New Trial with which was included Hill’s affidavit detailing his attempt to file the original petition on May 17, 1993. The Motion for a New Trial was denied. Hill now appeals the dismissal of his suit.

13Discussion

A deputy sheriff is a public officer and official of a political subdivision and is expressly exempted from worker’s compensation coverage pursuant to the provisions of La. R.S. 23:1034(A) and (B). Parker v. Cappel, 500 So.2d 771 (La.1987). Because of this exemption, the only claim for injury suffered on the job by a deputy sheriff lies in tort.
The SP & R Fund is a statewide system for public employees governed under Louisiana’s Public Retirement Law. La. R.S. 11:1 and 11:2171 et seq. As a public corporation, the SP & R Fund is a separate entity vested with the power to administer the fund. La. R.S. 11:2171. A deputy sheriffs membership in the fund, the percentage of his salary contributed to the fund, and the disability and retirement benefits are governed by the statutory law. La. R.S. 11:2174 and 2178.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2d Cir. 1993), unit denied, 93-3132 (La.2/11/94), 634 So.2d 833; Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), unit denied, 617 So.2d 908 (La.1993). When the plaintiffs petition shows on its face that the prescriptive period has expired, however, the burden is on the plaintiff to demonstrate suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992); Bishop, supra. Del-ictual actions are subject to a prescriptive period of one year that commences to run from the date that the injury or damage is sustained. La. C.C. art. 3492. Prescription may be interrupted by the commencement of an action against the obligor. La. C.C. art. 3462.
In his petition, Hill asserts that on May 17, 1992 he suffered serious brain injuries as a result of being beaten by inmates during a prison riot at the Caddo Parish Detention Center and that Sheriff Hathaway’s negligence in failing to Lprevent the *170 riot was a major cause of the injuries he sustained. However, he filed this tort action one year and one week after the date of the jail riot. Therefore, on the face of the petition this claim has prescribed and the burden is on Hill to prove otherwise.
Hill argues that certain actions regarding his benefits under the SP & R Fund and the payments of sick leave and vacation pay caused an interruption of prescription. Prior to the one-year anniversary of his injury, the SP & R Fund did acknowledge that disability payments from the fund would be paid, and through January 1993, Sheriff Hathaway apparently continued payments of salary to Hill for sick leave and vacation pay.
As applied to liberative prescription, the Civil Code provides that prescription is legally interrupted when the debtor makes acknowledgment of the right of the person against whom he had commenced to prescribe. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980); La. C.C. art. 3464. Nevertheless, no interruption of prescription occurred by acknowledgment in this instance. The recognition and payment of benefits by the SP & R Fund, a separate legal entity from the office of the Caddo Parish Sheriff, does not amount to an acknowledgment of Hill’s alleged right to recover in tort against Sheriff Hathaway. Likewise, Sheriff Hathaway’s payment of sick leave and vacation pay is not an acknowledgment of a tort liability. The obligations of the SP & R Fund and Sheriff Hathaway regarding Hill’s employment benefits are unrelated to the alleged delictual obligation. Payments of those employment-related benefits also cannot be claimed to have lulled Hill into any false sense of assurance regarding the prescription applicable to the alleged tort.[1]
| KHill’s primary argument regarding prescription pertains to his uncompleted attempt to file the suit petition on May 17, 1993. He first insists that he was denied the right to properly present this argument due to his lack of notice of the second hearing on the exception of prescription which occurred on April 28, 1997 and due to the trial court’s refusal to grant his motion for new trial. In Hill’s affidavit presented in conjunction with his motion for new trial, he outlines the information he received and the actions he took on May 17, 1993 when he first presented his petition to the Caddo Parish Clerk of Court. Since we accept and consider this affidavit for the substance of his defense against prescription, we find no prejudice in Hill’s lack of appearance at the second hearing on the exception. There was no guarantee that the trial court’s entertainment of a second hearing on the exception reopened the doors for the presentation of evidence. Nevertheless, we now consider the evidence belatedly urged to defeat the exception.
At the time that Hill presented his petition for filing, he was directed by the clerk of court to complete a form to seek the court’s permission to proceed in forma pauperis. This procedure was in accordance with La. C.C.P. art. 5183 and Local Rule 7 of the court. First Judicial District Court, Civil Rule 7. The clerk of court’s request of Hill was appropriate and was not an outright denial of his attempt to file the petition on the last day of the prescriptive period. Hill does not assert that he informed the clerk that the filing was necessary on that date in order to interrupt prescription. After being instructed by the clerk, Hill did not insist on leaving the petition with the court but merely left to complete the form only to return one week later to make the actual filing. Despite Hill’s arguments to the contrary, this is not a case where the clerk mistakenly failed to act with regard to a suit or pleading delivered to the clerk for filing so that prescription might be deemed interrupted.
*171 Cf., Cupples v. Walden, 124 So.2d 613 (La. App. 3d Cir.1960)fi and Wiggins v. Arkansas Louisiana Gas Co., 441 So.2d 803 (La. App. 2d Cir.1983). Accordingly, we hold that Hill’s choice to complete the in forma pauperis application in an untimely manner so as to delay the filing of this suit is no defense against the running of prescription in this instance. Hill’s tort claim prescribed.
Finally, although Hill’s petition also seeks a declaration of the amount of the benefits owed to him by the SP & R Fund, the SP & R Fund was never made a defendant to this suit. Therefore, we notice on our own under La. C.C.P. art. 927(B) that no cause of action for such relief exists against Sheriff Hathaway. Accordingly, we affirm the trial court’s dismissal of this suit in its entirety. Costs of this appeal are assessed to appellant.
AFFIRMED.

. The additional arguments made by Hill comparing payments by the SP & R Fund to worker's compensation benefits are misplaced. The disability benefits of the SP & R Fund are not analogous to worker's compensation benefits.