859 So.2d 250 (2003)
Melvin JACOBS, Plaintiff-Appellant,
v.
COCA-COLA BOTTLING COMPANY, and Patrick R. Aubrey, Defendants-Appellees.
No. 37,775-CA.
Court of Appeal of Louisiana, Second Circuit.
October 20, 2003.
*251 Louis Granderson Scott, for Appellant.
Donald James Armand, Jr., Shreveport, Christopher R. Johnson, for Appellees.
Before GASKINS and DREW, JJ., and TRAYLOR, J. Pro Tem.
DREW, J.
Melvin Jacobs appeals the judgment dismissing his action as prescribed. At issue is whether Jacobs' timely presentation for filing of his petition to the Union Parish Clerk of Court was sufficient to interrupt prescription when the petition was accompanied by a check of $145 instead of the higher filing amount required by the Clerk of Court. For the reasons set forth below, we reverse the trial court's judgment and remand for further proceedings.

FACTS AND PROCEDURAL BACKGROUND
Jacobs filed suit against Coca-Cola Bottling Company and Patrick R. Aubrey, alleging that on May 1, 2000, Jacobs was injured in a vehicular collision due to the fault of Aubrey, a Coca-Cola employee driving in the course and scope of his employment. The petition bore a filing date of July 9, 2001, and Coca-Cola filed an exception of prescription on August 1, 2002. Argument on the exception of prescription concerned whether prescription was interrupted when the Union Parish Clerk of Court, Third Judicial District, received Jacobs' petition along with a check for $145, but then returned the petition without stamping it "filed" because the Fee Schedule for Union Parish set a $200 fee for original petitions, plus $40 for each additional defendant.
On September 3, 2002, the trial court held a hearing on the exception. The record does not contain a transcript of the hearing. The minutes of court reflect that documents were entered into evidence, counsel made oral arguments on the record, and trial court allowed counsel to subsequently submit written briefs. The trial court took the matter under advisement.
At the prescription hearing, Jacobs introduced the following documents:
1. A copy of the Union Parish Civil Suits and Probate Fee Schedule which reflects a fee of $200 for a petition, plus $40 for each additional defendant;
At the bottom of this particular fee schedule are handwritten notations indicating that in the instant case the "filing fees" were $240 (apparently the $200 fee for the petition plus $40 for one additional defendant), from which was subtracted $145 for the check received with the *252 petition, leaving a balance due of $95. An additional handwritten notation on the fee schedule indicated an additional $25 should be "made payable to Sheriff East Baton Rouge Parish," and another $30 should be "made payable to Sheriff Ouachita Parish," these additional charges reflecting the cost of service in East Baton Rouge Parish and in Ouachita Parish.
2. A copy of the $145 check made payable to the Union Parish Clerk of Court for the filing of the petition; and
3. A letter from Jacobs' counsel's office, dated April 27, 2001, to the Union Parish Clerk of Court, stating that the petition and a check in the amount of $145 for filing fees were enclosed.
A handwritten notation appears at the bottom of the letter, apparently by a court clerk, stating "notified for additional funds," and the handwritten date "4-30-2001."
In a post-hearing memorandum, Jacobs argued that:
 On April 27, 2001, Jacobs mailed to the Union Parish Clerk of Court the petition for the accident that occurred on May 1, 2000.
 The petition was received at least by April 30, 2001, as established by the notation by the clerk stating the additional funds were due.
 The clerk of court sent a notice to counsel on April 30, 2001, showing that additional fees were due.
 The notice was received in the office of Jacobs' counsel a few days later, after May 1, 2001.
 The Union Parish clerk refused to file the petition because Jacobs had sent only $145 when the fee set by the court was $200.
 The petition was returned to his counsel, who had to refile the petition which was not refiled until July 9, 2001.
Citing La. C.C.P. art. 253(A), Jacobs contended his petition was filed when it was presented to the Union Parish Clerk of Court on or before April 30, 2001, and the clerk was required to file it unless there was a specific statute allowing the clerk to refuse to do so.
La. C.C.P. art. 253(A) states:
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.
Finally, Jacobs argued the application of the principle that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished.
Because the petition had prescribed on its face, Coca-Cola stated Jacobs had the burden of proving that the matter had not prescribed; moreover, Jacobs had not carried his burden.[1] Coca-Cola took the position *253 that an appropriate filing fee must accompany a petition for it to be considered filed and that the timely receipt of Jacobs' petition by the clerk's office did not excuse the late filing of the petition. In support of its position, Coca-Cola cited Martin v. Kroger Co., 29915 (La.App.2d Cir.10/29/97), 702 So.2d 347, writ denied, 98-0033 (La.3/13/98), 712 So.2d 881, for its holding that failure to comply with the payment requirements for fax filings will result in a petition being deemed never filed and, thus, not interrupting prescription. Coca-Cola also cited Hill v. Hathaway, 32,016 (La.App.2d Cir.6/16/99), 741 So.2d 167, in which a deputy sheriff's choice to complete an in forma pauperis application in an untimely manner so as to delay the filing of an action against the sheriff was held not to interrupt prescription.
On January 16, 2003, the trial court issued oral reasons for granting the exception of prescription. Noting that the action was prescribed on the face of the petition, and that, as a consequence, Jacobs had the burden of showing the action was not prescribed, the court concluded that Jacobs had failed to meet his burden. In explaining this conclusion, the court cited:
 La. R.S. 13:842 and 843, which the court noted allow the clerk to demand and receive advance costs.
 Two attorney general opinions[2] stating that a clerk of court can refuse to file pleadings that are not accompanied by the necessary advance deposits or security for costs.
 Brown v. American National Property & Casualty Co., 98-2292 (La.App. 4th Cir.10/28/98), 720 So.2d 1278, discussed below.

DISCUSSION
The issue for decision is whether or not the receipt by the clerk of court of the plaintiff's petition and accompanying check for $145 was sufficient to interrupt prescription even though the clerk did not stamp the petition "filed," but returned the petition to the plaintiff because the $145 check was insufficient to cover the fees established on the Civil Suits and Probate Fee Schedule for Union Parish. For the reasons set forth below, we find that plaintiff's submission of the petition with the $145 check for fees was sufficient to interrupt prescription.
Statutory provisions pertinent to the issue herein are found in La. R.S. Title 13, Chapter 4, Subpart C, especially Sections 841, and 842-843.1. As explained in City of Monroe v. Lolley, 27,245-CA (La. App.2d Cir.2/23/95), 660 So.2d 94, 97, writ denied, 95-2359 (La.12/8/95), 664 So.2d 428:
The district courts' civil fee bill, found at La. R.S. 13:841, is a cost list of over seventy specific functions performed by the courts. To allow the district court to function in a more efficient way and avoid the need to charge litigants separately for every cost incurred, the statutory scheme, found at La. R.S. 13:842-843.1, allows the clerk of court to charge litigants an advanced deposit for the estimated costs of trial. The amount of this advanced deposit is debited when the district court performs one of the functions in the civil fee bill. Should the amount of the litigants' credit from the deposit ever drop below zero, the clerk *254 can refuse to perform any further function until the litigant pays further costs.

(Emphasis added.)
Of particular importance in this case are the provisions of La. R.S. 13:841(A) which state in pertinent part:
The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters:
(1) For endorsing, registering, and filing petition, two dollars.
These provisions show that out of the $240 demanded by the clerk of court in the instant case, only $2 was required for the endorsing, registering, and filing of the plaintiff's petition, and that for this service, the clerk was entitled to demand and receive no more. Of course, Jacobs' check for $145 was more than sufficient to cover the $2 charge allowed by law for endorsing, registering, and filing his petition. We conclude that the timely presentation of his petition, accompanied by a check for more than the statutorily-set fee for endorsing, registering, and filing his petition, was sufficient to interrupt prescription, even though the check was not in an amount sufficient to cover the advanced deposit for estimated costs.
Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. This prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. La. C.C.P. art. 421. Under the provisions of La. C.C.P. art. 253, all pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of court for that purpose, and the clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record or in the files of his office, as required by law.
Jacobs' petition was presented to the clerk of court on the last day before prescription ran. By law, the clerk could charge Jacobs no more than $2 for endorsing, registering, and filing his petition, and Jacobs' check was more than sufficient for that purpose. Accordingly, we conclude that under the provisions of La. C.C.P. art. 253, the clerk was required to endorse thereon the date and fact of filing and retain possession of the petition for inclusion in the record. In other words, the clerk was required to endorse, register, and file Jacobs' petition.
We observe that the district court clerk is entitled to demand the pre-set advanced costs be paid forthwith, and can refuse to perform the functions for which fees were not received. La. R.S. 13:843 sets out a procedure by which clerks may pursue and obtain unpaid, accrued costs. However, it is unnecessary for us to explore herein the various issues that might arise with respect to payment of costs.
Although La. R.S. 13:842 and 843 allow the clerk to demand and receive advanced costs, demanding and receiving advanced costs do not negate the clerk's obligation to endorse, register, and file a petition presented for that purpose along with the statutorily-required fee. The trial court also relied on the above-referenced attorney general opinions which opine that a clerk may refuse to file pleadings unless advanced costs are paid. We decline to follow those opinions.
Finally, we distinguish Brown, supra, on its facts. In Brown, a vehicular accident occurred on July 7, 1996, and on July 7, 1997, plaintiff's counsel faxed a petition to the Clerk of Court for Orleans Parish Civil *255 District Court. On that same date, the plaintiff's counsel mailed a copy of the petition to the clerk of court, along with a check in the amount of $202.50, and the clerk's office sent the plaintiff's counsel a fax confirmation informing of the requirements of La. R.S. 13:850, including a notice that in order for the fax filing to have "full force and effect," the original signed document had to be received by the clerk's office within five days, along with the original filing fee, a $5 fax transmission fee, and an additional $2.50 per page for transmissions in excess of two pages. A handwritten itemization on the fax confirmation indicated a total fee due of $215.50. The original petition was stamped as filed on July 10, 1997, and the fax confirmation was stamped as received by plaintiff's counsel's office on July 11, 1997. The defendant in Brown later filed an exception of prescription arguing that the filing was of no effect because the plaintiff failed to send the full amount due within five days after the fax filing. Although the trial court overruled the exception, the appellate court reversed, holding that because the plaintiff failed to timely remit the amount required by the facsimile filing statute, La. R.S. 13:850, the fax filing of the petition was of no effect and did not interrupt prescription.
The holding in Brown was based on the specific language of La. R.S. 13:850(C), which states that if the party filing a civil action by facsimile transmission fails to comply with the requirements of Subsection B of the statute, the facsimile filing shall have no force and effect. In turn, the provisions of Subsection B require the party, within five days exclusive of legal holidays after the clerk of court received the transmission, to forward to the clerk the original signed document, the applicable filing fee, if any, and a transmission fee of $5. In Brown, the check for $202.50, sent along with the original petition, was insufficient to cover the total fee demanded of $215.50. Accordingly, the court concluded that under La. R.S. 13:850(C), the facsimile filing on July 7, 1997, was without force or effect and could not interrupt prescription. The court in Brown neither addressed the specific issue presented in this case, nor made reference to the provisions of La. R.S. 13:841(A)[3].
We also distinguish our opinion in Hill v. Hathaway, supra, on its facts. As previously noted, in that case the plaintiff attempted to file a petition, but the petition "was not filed because the proper cost could not be paid." The plaintiff picked up an in forma pauperis form from the clerk of court, but took it home and did not return to file the petition until after the prescriptive period had run. We noted that at the time the plaintiff presented his petition for filing, he was directed by the clerk of court to complete a form to seek the court's permission to proceed in forma pauperis, that the clerk's request was appropriate and was not an outright denial of his attempt to file the petition on the last day of the prescriptive period, and that the plaintiff did not assert that he informed the clerk that the filing was necessary on that day in order to interrupt prescription. Furthermore, the plaintiff did not insist on leaving the petition with the court, but merely left to complete the form, only to return a week later to make the actual filing. Under these circumstances, we *256 held that the plaintiff's choice to complete the form in an untimely manner so as to delay the filing of his suit was no defense against the running of prescription. Thus, our opinion in Hill, supra, like the opinion in Brown, supra, simply does not address the narrow issue presented in this case and does not address the significance of the provisions of La. R.S. 13:841(A).

CONCLUSION
For the reasons set forth above, the judgment of the trial court is reversed, and the case is remanded to the district court for further proceedings. Costs are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] Although Coca-Cola argued in the trial court, and has argued on appeal, that Jacobs' suit against Coca-Cola and Patrick Aubrey should have been brought as a cross claim in another case, and that assuming Jacobs' petition was a cross claim, it still was prescribed, we observe that the record before us includes nothing with reference to any other suit, and we decline to address any arguments in that regard.
[2] The opinions cited were Attorney General Opinion No. 77-1574 dated November 21, 1977, and Attorney General Opinion No.1956-58, page 63.
[3] If it is the understandable and prudent practice of clerks of court to refuse to file petitions presented with some but not all of the advance fees and costs, the clerks of court could possibly consider seeking an amendment to 13:841 by the Louisiana Legislature adding language affording clerks that authority in language similar to that in La. R.S. 13:850(C) giving no effect to facsimile filings which are not followed with appropriate fees and hard-copy filings within five days.