MADELEINE M. LANDRIEU, Judge.
_JjThe plaintiffs, Kearney and Terri Loughlin, filed a petition to annul a judgment of contempt rendered against them in an underlying lawsuit. In response, United Services Automobile Association (USAA) filed peremptory exceptions of prescription, no cause of action, and no right of action, all of which were sustained by the trial court. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.
FACTS AND PROCEEDINGS BELOW
In 2005, Kearney Loughlin and members of his family filed suit against USAA arising from property damage caused by Hurricane Katrina to a family home owned by Mr. Loughlin, his mother, and his sister. At the time of Hurricane Katrina, Mr. Loughlin and his wife, Terri, lived in an apartment in the home. At all times pertinent, Mr. Loughlin was both a plaintiff and counsel of record in the property damage lawsuit.[1]
|2The facts giving rise to the contempt judgment, which the Loughlins seek to annul, was based upon alleged misrepresentations made by the Loughlins relative to the service of certain discovery motions that had been filed by USAA in the underlying lawsuit. See, Regina Soniat Taitón v. USAA Casualty Ins. Co., No. 2005-12956, Civil District Court, Parish of New Orleans, State of Louisiana. The contempt judgment was appealed to this court and affirmed.[2] Regina Soniat Taitón v. USAA Casualty Ins. Co., 2006-1513, 2007-1414, (La.App. 4 Cir. 3/19/08), 981 So.2d 696.
The Loughlins now allege to have recently discovered that the judgment of contempt was procured by fraud or ill practices. Thus, on November 8, 2012, they filed a Petition for Nullity of Judgment. In response, USAA filed exceptions asserting that the action was prescribed and that the Loughlins had neither a cause, nor right of action. At the hearing on the exceptions, no evidence was introduced and no testimony was taken.[3]
*116 Therefore, we must rely on the allegations in the petition. Denoux v. Vessel Management Services, Inc., 2007-2143, pp. 5-6 (La.5/21/08), 983 So.2d 84, 88.
According to the petition, the events that led to the contempt judgment began when USAA filed a motion on three issues which were set for hearing on June 23, 2006 before the Honorable Judge Nadine Ramsey, the presiding judge. On June 8, 2006, Mrs. Loughlin was served by the civil sheriff with the motion filed by USAA and with a memorandum USAA filed in opposition to a motion that had been filed by the plaintiffs. The order attached to USAA’s motion was blank. |sMrs. Lough-lin did not realize, therefore, that the USAA motions were set for hearing.
On the morning of June 23, 2006, while at the courthouse on another matter, Mr. Loughlin was informed that USAA’s motions were set for hearing that day before Judge Ramsey. Mr. Loughlin told Judge Ramsey, that they had not been served with a rule setting the hearing. Based on this representation, the hearing was rescheduled for June 29, 2006. After Mr. Loughlin relayed this information to Mrs. Loughlin, she reviewed the papers served on her and discovered that an “order” attached as an exhibit to an already-resolved motion had apparently been signed by Judge Ramsey scheduling the hearing for June 23, 2006, and USAA’s opposition memorandum, in the.absence of any motion having been filed, had also been set for hearing that same day.
USAA then filed a memorandum in which it argued that the Loughlins should be held in contempt for denying that they had been served with USAA’s motion and its opposition memorandum. At the hearing on June 29, 2006, USAA called a deputy civil sheriff to testify that he had served the two documents on Mrs. Loughlin. When Judge Ramsey reviewed the motion served on Mrs. Loughlin, she realized that the court had signed the blank order that USAA had attached as an exhibit instead of the order setting the motion for hearing. Judge Ramsey recognized this to be an error on the part of her staff and denied the motion for contempt in a judgment signed on July 17, 2006.
On August 18, 2006, four matters were set for hearing. Neither Mr. or Mrs. Loughlin was present at this hearing. Further, Mrs. Loughlin was not a party to the action at that point in the proceedings because her claim for damage to the contents of her apartment pursuant to a renter’s policy had been dismissed. Sharonda |4WiIIiams appeared on behalf of the plaintiffs. During the hearing, USAA again argued that the Loughlins had received notice of the June 23, 2006 hearing and had lied about it. According to the allegations in the petition to annul, Judge Ramsey concluded that the Loughlins should have noticed that the motion was set for hearing, but did not conclude that any misrepresentation had been made by the Loughlins to the court.
After the hearing, USAA’s attorney submitted a draft judgment on the issue of contempt, which was forwarded to the Loughlins. The Loughlins objected to the proposed judgment. Judge Ramsey ultimately signed a judgment on September 12, 2006 that stated “the Court finds that misrepresentations of material facts regarding service of notice of hearing were made by Kearney L. Loughlin and Terri B. Loughlin ... for the reasons orally assigned in open court on August 18, 2006, a transcribed copy of which is attached hereto and made a part hereof.” As stated earlier, this contempt judgment was affirmed by this court.
Based on this contempt judgment, USAA’s attorney filed a disciplinary complaint against the Loughlins with the Of *117 fice of Disciplinary Counsel (ODC) in 2008. The ODC brought formal charges against the Loughlins in 2011. Judge Ramsey was deposed as part of the ODC proceeding. In her deposition taken on November 9, 2011, Judge Ramsey stated that she had made no findings that the Loughlins had made any misrepresentations to her at any time. Specifically, she stated that her law clerk had made a mistake in processing the motion and memorandum served on Mrs. Loughlin on June 8, 2006, and that she could not identify any misrepresentation of fact made by the Loughlins at the June 29, 2006 hearing. The ODC ultimately dismissed the charges against the Loughlins.
IsAfter the ODC dismissed the charges, the Loughlins filed the instant suit to annul. As stated previously, USAA responded by filing peremptory exceptions of prescription, no right of action, and no cause of action, along with a motion for sanctions. On May 17, 2013, the trial court heard the exceptions.' On May 20, 2013, the court rendered judgment with written reasons granting the exceptions, but denying the motion for sanctions. The trial court’s judgment states, in pertinent part:
Here, Plaintiffs Petition for Nullity was not filed until November 8, 2012, almost 6 full years after Plaintiffs had knowledge of the judgment of contempt rendered in August 2006. Plaintiffs have denied from the beginning that they misrepresented anything at all to the trial court, and they stated in their Petition of Nullity they knew all along that the judgment of contempt was incorrect. These two facts show that Plaintiffs had constructive notice on the day the Judgment was rendered and are sufficient to “excite Plaintiffs attention and put him on inquiry,” (citation omitted). The constructive notice requirement was satisfied in August of 2006, thus starting the running of prescription at that time. Plaintiffs’ claim is prescribed.
This appeal followed.
ISSUES
The Loughlins assert seven assignments of error, which we consolidate for discussion: (1) whether the trial court erred in granting USAA’s peremptory exception of prescription, and (2) whether the trial court erred in granting USAA’s peremptory exceptions of no cause of action and no right of action.
DISCUSSION
I. Exception of Prescription
The Loughlins assert that the trial court erred in granting USAA’s exception of prescription because USAA did not meet its burden of proving the claim was prescribed. They argue here that they did not learn until November 9, 2011 that | r,Judge Ramsey had not actually made a finding on contempt, despite the language in the judgment to the contrary. The Loughlins allege that counsel for USAA knowingly presented a judgment to Judge Ramsey for her signature that did not comport with her finding, and that Judge Ramsey signed it in error — a matter of ill practice. In the opinion of this court on appeal of the underlying matter, we stated: “Realizing that it had been lied to on three separate occasions, the trial court found the Loughlins in contempt of court and levied a fine of $1,000, presumably $500.00 on each.” Taitón, 2007-1414, p. 25, 981 So.2d at 713. The Loughlins now allege that they discovered on November 9, 2011 that Judge Ramsey had made no such finding, and that the judgment saying otherwise had been signed as a result of fraud or ill practices on the part of USAA and/or ill practice on the part of Judge Ramsey.
In reviewing the granting of an exception of prescription, this court “will review the entire record to determine *118 whether the trial court’s finding of fact was manifestly erroneous.” Barcia v. La. Med. Malpractice Ins. Co., 2010-1424 (La. App. 4 Cir. 5/25/2011), 67 So.3d 659, 662-663. Louisiana Code of Civil Procedure article 2004 states that a final judgment obtained by fraud or ill practices may be annulled when the action is brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. The one year prescriptive period begins to run from the knowledge of the facts, not their legal consequences. Succession of Albritton, 497 So.2d 10, 12 (La. App. 4th Cir.1986). The party pleading the exception of prescription bears the burden of proof unless the action is prescribed on the face of the petition. Brown v. American National Property & Casualty Co., 98-2292, p. 1 (LaApp. 4 Cir. 10/28/98), 720 So.2d 1278,1279.
17Here, the petition alleges that the fraud or ill practices were first discovered on November 9, 2011, the day of Judge Ramsey’s deposition. Their petition was filed on November 8, 2012, within one year of the alleged discovery. Therefore, the petition is timely on its face, and USAA bears the burden of proving the claim has prescribed.
On an exception of prescription, the trial court is not required to accept the allegations in the petition as true. Bowers v. Orleans Parish School Bd., 95-2530 p. 7 (LaApp. 4 Cir. 5/29/96), 694 So.2d 967, 972. “Evidence may be introduced to support or controvert any of the objections pleaded.” La. C.C.P. art. 931. When no evidence is admitted, the exception must be decided on the face of the petition. Denoux v. Vessel Management Services, Inc., 2007-2143, pp. 5-6 (La.5/21/08), 983 So.2d 84, 88.
No evidence was attached to USAA’s exception of prescription. Further, a review of the transcript of the trial on the exception revealed that USAA did not introduce evidence to support the exception. Because the claim is not prescribed on the face of the petition, and there is no evidence in the record to contradict the allegations, we find that the trial court erred in granting the exception of prescription. We reverse the trial court’s judgment on the exception of prescription and remand for evidentiary proceedings.
II. Exceptions of No Cause of Action and No Right of Action
In Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 p. 6 (La.3/17/06), 929 So.2d 1211, 1216-1217, the Louisiana Supreme Court stated that one of the primary differences of the two exceptions is “that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law 1 ^provides a remedy against the particular defendant.” Because the exceptions of no right of action and no cause of action are questions of law, appellate review of these decisions is de novo. Homot v. Cardenas, 2006-1341 (LaApp. 4 Cir. 10/3/07), 968 So.2d 789.
We first turn to the Loughlins’ contention that the trial court erred in granting USAA’s exception of no cause of action. On a trial of an exception of no cause of action, no evidence may be introduced to support or controvert the exception. La. C.C.P. art. 932. In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the face of the petition. Badeaux, 2005-0621, p. 7, 929 So.2d at 1218. Each well-pleaded fact in the petition must be accepted as true. Id. If the petition states a cause of action on any ground or portion of *119 the demand, the exception should be overruled. Id.
USAA argues that the Loughlins failed to state a cause of action because USAA is immune from civil suits based on the disciplinary complaint. We disagree. USAA bases its argument on Louisiana Supreme Court Rule XIX § 12, which states in pertinent part, “[c]ommunications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness.” USAA argues that this rule prohibits the Loughlins from filing a petition to annul a judgment against the lawyer who made the complaint. We find, however, that this lawsuit is not predicated on the disciplinary proceedings, but rather on the judgment rendered well before the disciplinary proceedings began. The disciplinary proceedings are relevant to this suit only because Judge Ramsey was deposed during the course of 19the disciplinary proceedings, and the Loughlins contend that this deposition first alerted them to the fraud or ill practices. Rule XIX § 12 does not apply to this situation. Therefore, we reverse the trial court’s judgment granting the exception of no cause of action.
We next turn to the Loughlins’ contention that the trial court erred in granting USAA’s exception of no right of action. USAA first argues that the Loughlins do not have a right of action because they voluntarily acquiesced in the judgment by paying the $400.00 fine. This argument is misplaced. Louisiana Code of Civil Procedure article 2003 provides that a defendant who voluntarily acquiesces in a judgment may not annul that judgment for any of the grounds enumerated in Louisiana Code of Civil Procedure article 2002. Article 2002 is directed to vices of form, such as lack of process and lack of jurisdiction. Here, the Loughlins seek to annul the judgment for a vice of substance under Louisiana Code of Civil Procedure article 2004, specifically fraud and/or ill practices. Article 2002, which prohibits a defendant from annulling a judgment once he has paid the judgment, is not applicable.
USAA next argues that the petition for nullity was barred by Louisiana Code of Civil Procedure article 2005 because the grounds for contempt were considered on appeal. Louisiana Code of Civil Procedure article 2005 states that “a judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.” In their appeal in the Taitón case, the Loughlins did not contend that the contempt judgment was based on fraud or ill practices. While they believed the contempt judgment was incorrect, the Lough-lins 11ftdid not become aware of the fraud or ill practices until Judge Ramsey’s deposition in 2011.
Because the Loughlins were not barred from bringing the action based on having paid the fine, and the allegation of fraud or ill practices was not considered by the appellate court, we find that the trial court erred in granting USAA’s exception of no right of action.
CONCLUSION
Accordingly, for the reasons stated, the trial court’s judgment granting USAA’s peremptory exceptions of prescription, no cause of action, and no right of action is reversed, and the matter is remanded to the trial court for further proceedings consistent with this disposition.
REVERSED AND REMANDED.

.Terri Loughlin was also a plaintiff and counsel of record at some point in the proceedings. However, the record establishes that Mrs. Loughlin was neither counsel of record nor a plaintiff when the contempt judgment at issue in this appeal was rendered.

. We reduced the contempt penalty from $1,000 to $400.

. Although an exception of no cause of action must be decided on the face of the petition, evidence may be introduced to support or controvert exceptions of prescription and no right of action. La. C.C.P. art. 931.