| | | |
|---|---|---|
| **BILLES PARTNERS, LLC** | * | **NO. 2020-C-0471** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE NEW ORLEANS** | * | |
| **AFRICAN-AMERICAN** | | **FOURTH CIRCUIT** |
| **MUSEUM OF ART, CULTURE** | * | |
| **AND HISTORY AND** | | **STATE OF LOUISIANA** |
| **MICHAEL GRIFFIN** | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11480, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge
Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)


Joseph Warren Gardner, Jr.
CHRISTOVICH & KEARNEY, L.L.P.
601 Poydras Street, Suite 2300
New Orleans, LA 70130

    COUNSEL FOR RELATOR

Randy George McKee
CARTER & MCKEE, LLC
1100 Poydras Street, Suite 1475
New Orleans, LA 70163

    COUNSEL FOR RESPONDENTS

    **WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED**
    **November 12, 2020**

This is a contractual dispute. The plaintiff-relator—Billes Partners, LLC ("Billes"), an architectural firm—seeks review of the September 1, 2020 judgment in which the trial court took the following actions:

(i)     Granted in part an exception of no cause of action filed by the defendants-respondents—The New Orleans African-American Museum of Art, Culture and History and Michael Griffin (collectively "Defendants")—dismissing Billes' claim for intentional interference with a contract;

(ii)    Dismissed as premature the mechanic's lien Billes filed on December 26, 2018; and

(iii)   Ordered Billes to return all signed and sealed architectural plans, engineering plans, and related specifications that are the property of Defendants.

For the following reasons, we grant Billes' writ application; reverse the trial court's judgment granting the partial exception of no cause of action, ordering the lien removed, and ordering the plans be turned over are reversed; and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2012, Billes entered into a contract with Defendants to perform architectural services for a project known as the New Orleans African-American

Museum (the "Contract"). Construction on the project commenced in 2013, but the project stopped and has yet to be completed. Later, according to Billes, Defendants requested that Billes perform work "outside the scope of the original contract." Billes alleges that it has yet to be paid for this work. Accordingly, Billes, on December 26, 2018, filed a mechanic's lien.

In addition to allegedly not paying Billes for work outside the scope of the Contract, Billes asserts that Defendants began renovations at the museum without consulting Billes, thereby preventing Billes from continuing work on the project and causing Billes to incur additional damages.

Based upon the above allegations, Billes, on October 31, 2019, filed suit against Defendants, asserting the following seven causes of action: breach of contract, detrimental reliance, bad faith breach of contract, intentional interference with a contract, open account, unjust enrichment, and a claim to enforce its lien rights.

In response, Defendants filed an exception of no cause of action, contending that all the work performed by Billes was within the scope of the work outlined in the Contract and that Billes was paid for all such work. Additionally, Defendants contend that Billes has no cause of action for intentional interference with a contract. Defendants simultaneously filed an exception of prematurity, contending

that based on the mediation provisions in § 8.2.1 of the Contract, Billes's suit should be dismissed and the parties ordered to mediate their disputes.[1]

Following a hearing, the trial court granted Defendants' exception of prematurity, stating: "I believe that you need to mediate, but I am not dismissing the lawsuit." Thereafter, the trial court granted Defendants' exception of no cause of action but only with respect to Billes's claim of intentional interference of a contract. Finally, although not demanded in either Defendants' exception of no cause of action or its exception of prematurity, the trial court ordered that Billes' lien be cancelled and that Billes' architectural plans be returned to Defendants. Specifically, the trial court ordered as follows:

> In the meantime, I'm going to order that the lien be cancelled and the plans be returned, because that's not fair to hold onto the plans and—and you know until the mediation is over, and you can't reach[] resolution, which I'm hopeful you'll be able to, I don't believe that, that lien is appropriate, and I do believe its prematur[e].

This writ application followed.

## DISCUSSION

Billes's first contention relates to the trial court partial granting of Defendants' peremptory exception of no cause of action. Because an exception of no cause of action questions the legal sufficiency of the petition to allege facts and claims for which the law provides a remedy, appellate courts review such judgments on a *de novo* basis. *Gulf Coast Bank & Trust Co. v. Warren*, 12-1570, pp. 6-7 (La. App. 4 Cir. 9/18/13), 125 So.3d 1211, 1216. "On a trial of an

---

[1] Although Billes filed an opposition, it did not oppose Defendants' exception of prematurity to the extent Defendants contended that the parties were required to mediate their disputes.

exception of no cause of action, no evidence may be introduced to support or controvert the exception." *Loughlin v. United Servs. Auto. Ass'n,* 13-1285, p. 8 (La. App. 4 Cir. 6/4/14), 144 So.3d 113, 118-19. Each well-pleaded fact must be accepted as true; if the petition states a cause of action on any part of the demand, the exception must be overruled. *Id.*

Courts generally disfavor the granting of a partial exception of no cause of action. *Scott v. Zaheri*, 14-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993)). Indeed, in *Everything on Wheels*, the Louisiana Supreme Court established the following rule:

> If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally
>
> However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate. However, the question remains whether that partial judgment is a *final* judgment which *must* be appealed in order to prevent the judgment from acquiring the authority of the thing adjudged.

*Everything on Wheels*, 616 So.2d at 1239 (emphasis original) (footnotes omitted).

This court, in the *Scott* case, articulated the underlying purpose of this governing rule—to prevent numerous appeals on piecemeal issues. *Scott*, 14-0726, p. 17, 157 So.3d at 789.

Here, Billes's petition sets forth the same factual allegations in support of each of its seven causes of action. Stated differently, these same set of facts serve as the basis for all seven of Billes's causes of action—breach of contract, detrimental reliance, bad faith breach of contract, intentional interference with a contract, open account, unjust enrichment, and a claim to enforce its lien rights. Thus, the trial court erred in granting Defendants' partial exception of no cause of action, resulting in the dismissal of Billes's intentional interference with a contract claim.

Next, Billes complains that the trial court erred in cancelling its lien as premature. The trial court's dismissal of the lien as premature was based on the Contract provision requiring that the parties mediate their disputes. The mediation requirement in the Contract, however, has a carve-out provision recognizing a party's ability to file a lien. Specifically, § 8.2.1 of the Contract sets forth the following exception for filing a lien before completing mediation:

> § 8.2 MEDIATION
>
> § 8.2.1 Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution. If such matter relates to or is the subject of a lien arising out of the Architect's services, the Architect may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the matter by mediation or by binding dispute resolution.

Courts are obligated to give legal effect to contracts according to the true intent of the parties. La. C.C. art. 2045. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. La. C.C. art. 2046. When the words of a contract

5

are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La. C.C. art. 1848.

Here, the words of the contract are clear, explicit, and lead to no absurd consequences. In fact, the requirement that the parties attempt to resolve their differences through mediation is so clear, there is no disagreement between the parties in this regard. It is equally clear that Billes, by virtue of the mediation requirement, is not precluded from seeking a lien. Given § 8.2.1 of the Contract, Billes, by virtue of the contract's mediation requirement, is not required to wait until completion of mediation proceedings to file a lien. Hence, the trial court erred in dismissing Billes' lien as premature.

Finally, Billes complains that the trial court erred in ordering it to return "any and all signed and sealed architectural plans, engineering plans and related specifications that are the property of the New Orleans African-American Museum of Art, Culture and History." Again, the trial court's order contradicts the binding provisions of the Contract, which provides, in pertinent part, as follows:

ARTICLE 7 COPYRIGHTS AND LICENSES

§ 7.2 The Architects and the Architect's consultants shall be deemed the authors and owners of their respective Instruments of Service, including the Drawings and Specifications, and shall retain all common law, statutory and other reserved rights, including copyrights. Submission or distribution of Instruments of Service to meet official regulatory requirements or for similar purposes in connection with the Project is not to be construed as publication in

derogation of the reserved rights of the Architect and the Architect's consultants.

Under the binding Contract provision, Billes, rather than Defendants, is the owner of its "Instruments of Service, including the Drawings and Specifications…." Stated otherwise, the Contract is clear that the architectural plans, created by Billes, belong to Billes. The trial court's order that Billes be forced to turn over is plans to Defendants is contrary to the provisions of the Contract. We, thus, reverse the trial court's order.

Accordingly, we grant the writ application; reverse the trial court's judgment granting the partial exception of no cause of action, ordering the lien removed, and ordering the plans be turned over to Defendants; and remand for further proceedings.

**WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED**